# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| THOMAS MERRIFIELD, | : | Case No. 1:17-CV-10679 |
| Plaintiff, | : | Judge Rya W. Zobel |
| vs. | : | **PLAINTIFF THOMAS MERRIFIELD'S MOTION FOR ORDER AUTHORIZING COMCAST PHONE OF MASSACHUSETTS, INC. TO PRODUCE RECORDS PURSUANT TO 47 U.S.C. § 551(c)(2)(B)** |
| ROBERT GUSSMAN, et al. | : | |
| Defendants. | : | |

Plaintiff Thomas Merrifield ("Mr. Merrifield") moves this Court for an Order authorizing Comcast Phone of Massachusetts, Inc. ("Comcast") to produce certain records pursuant to 47 U.S.C. § 551(c)(2)(B) and Federal Rule of Civil Procedure 26. This Motion is supported by the accompanying Memorandum in Support. A Proposed Order is attached hereto as Exhibit B.

Respectfully submitted,

s/ Mark G. Arnzen, Jr.
Brian S. Sullivan (*pro hac vice*)
Mark G. Arnzen, Jr. (*pro hac vice*)
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
513-977-8200 - Phone
513-977-8141 – Fax
Brian.sullivan@dinsmore.com
Mark.arnzen@dinsmore.com

and

David C. McBride
19 Cherry Street
Danvers, Massachusetts 01923
Phone: 978-777-7733
Fax: 978-777-3940
Email: dcmlawyer@aol.com

**Attorneys for Plaintiff Thomas Merrifield**

## **Memorandum in Support**

### I. Introduction

On August 3, 2017, Mr. Merrifield served a subpoena *duces tecum* on Comcast to obtain Defendant Robert Gussman's ("Gussman") landline telephone records for his residence located at 287 Langley Road, Unit 19, Newton MA 02459. (Doc. No. 73). The subpoena sought records from January 1, 2012 through the present. (*See id.*). Comcast refused to produce any records without a court order, citing 47 U.S.C. § 551. (*See* Comcast Letter, dated August 7, 2017, attached hereto as Exhibit A).

Since Mr. Merrifield served the Comcast subpoena, Gussman has filed various Motions for Protective Order, asking this Court to limit the relevant time period in this case to 2014. (Doc. Nos. 59, 61, 72). Mr. Merrifield opposed those Motions. (Doc. Nos. 71, 81, 90). And they are now fully briefed and pending before the Court.

At this time, Mr. Merrifield is requesting an Order authorizing Comcast to release Gussman's records from 2014. Gussman does not oppose this request as it relates to his 2014 records. Mr. Merrifield reserves the right to request an Order authorizing Comcast to release Gussman's records for 2012-2013 and 2015-2017, depending on the Court's rulings on the Motions for Protective Orders.

## II. Argument

In its response to Mr. Merrifield's subpoena, Comcast contends that it cannot release Gussman's phone records because it is a cable operator subject to the Cable Communications Policy Act, 47 U.S.C. § 551. Under 47 U.S.C. § 551(c)(1), "a cable operator shall not disclose personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber …" However, a "cable operator may disclose such information if the disclosure is … made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed." 47 U.S.C. § 551(c)(2)(B).

Courts apply a "good faith" standard in determining whether to authorize disclosure of documents and information pursuant to 47 U.S.C. § 551(c)(2)(B). *See Jackson v. Caribbean Cruise Line, Inc.*, 2014 U.S. Dist. LEXIS 161977, at *11-12 (E.D.N.Y. Nov. 19, 2014); *Doe v. Cahill*, 884 A.2d 451 (Del. 2005); *Phillip CANNELLA, et al., Plaintiffs, v. "watch DOG", and JOHN DOES 1-10, Defendants.*, 2012 WL 4743069 (E.D. Pa.) (granting plaintiff's motion ordering Comcast to disclose information under 47 USC 551(c)(2)(b)); *Patrick Collins, Inc. v. Doe*, 286 F.R.D. 160, 162 (D. Mass. 2012); *Combat Zone, Inc. v. Doe*, 2013 U.S. Dist. LEXIS 35429, at *5 (D. Mass. Feb. 15, 2013).

Good faith exists here because Mr. Merrifield has no other means by which to obtain Gussman's subscriber information and call records for his home telephone number. Gussman has pled the Fifth Amendment and will not voluntarily produce the Comcast records. So Mr. Merrifield has no choice but to seek the records from Comcast directly. As illustrated in Mr. Merrifield's Supplemental Memorandum in Support of

3

Damages, phone records are crucial to showing Defendants' conspiracy to seriously injure or kill Mr. Merrifield. (Doc. No. 134 at 8-10).

## III. Conclusion

For the reasons set forth above, and pursuant to 47 U.S.C. § 551(c)(2)(B), Mr. Merrifield requests that the Court grant his Motion and Order Comcast to produce personally identifiable information and records from 2014 that are responsive to the subpoena. A Proposed Order is attached hereto as Exhibit B.

                      Respectfully submitted,

                      s/ Mark G. Arnzen, Jr.
                      Brian S. Sullivan (*pro hac vice*)
                      Mark G. Arnzen, Jr. (*pro hac vice*)
                      DINSMORE & SHOHL LLP
                      255 East Fifth Street, Suite 1900
                      Cincinnati, Ohio 45202
                      513-977-8200 - Phone
                      513-977-8141 – Fax
                      Brian.sullivan@dinsmore.com
                      Mark.arnzen@dinsmore.com

                      And

David C. McBride
19 Cherry Street
Danvers, Massachusetts 01923
Phone:    978-777-7733
Fax:      978-777-3940
Email:    dcmlawyer@aol.com

**Attorneys for Plaintiff Thomas Merrifield**

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 12, 2017, I filed this document through the CM/ECF system, which will cause a copy to be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and that paper copies will be mailed to the non-registered participants below.

**Via Regular U.S. Mail:**
Mr. Anthony C. Dearth
Johnson State Prison
290 Donovan-Harrison Road
Wrightsville, GA 31096

**VIA FACSIMILE (866-947-5587):**
Comcast
Legal Response Center
Moorestown, NJ 08057

s/Mark G. Arnzen, Jr.